IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Qian Williams, | ) | Case No. 5:23-cv-04388-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Edgefield Mail Room Clerks, | ) | |
| Edgefield Federal Correctional | ) | |
| Institution, John Does, Mr. Parker, | ) | |
| Ms. Wells, Mr. Davis, Mr. Hawkes, | ) | |
| Mr. Vaneman, Warden Janson, | ) | |
| Taneka Priester, Yolanda Randolph, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on a motion to dismiss by Defendants[1] [Doc. 68] and various motions by Plaintiff, including what he has titled a motion to provide the Clerk of Court's policy on sending inmates legal mail from the district court, a motion to amend the Complaint, a motion to supplement Defendants John Doe with Mr. Leven, a motion to supplement Defendant Mr. Mobly, a motion to supplement pleadings and for judgment on the pleadings, a motion to expand exhibits, a motion to grant relief on Complaint, and a motion to submit more exhibits for relief on the pleadings [Docs. 78; 80; 86; 87; 88; 95; 96; 97]. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Kaymani D. West for pre-trial proceedings.

---

[1] The motion to dismiss was filed on behalf of only the served Defendants, which excluded the Edgefield Mail Room Clerks Defendants and the John Doe Defendants. [Doc. 68 at 3 n.1.]

On January 2, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending granting Defendants' motion to dismiss and denying Plaintiff's motions. [Doc. 101.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections and the serious consequences if they failed to do so. [*Id*. at 38.] Plaintiff filed objections to the Report on February 11, 2025; Defendants filed a reply on February 25, 2025; and Plaintiff filed a sur reply on March 24, 2025. [Docs. 112; 113; 116.]

## BACKGROUND

Plaintiff is an inmate at Edgefield Federal Correctional Institution. [Doc. 1 ¶ 4.] In his Complaint, Plaintiff alleges that the prison mailroom clerks have been unconstitutionally opening his legal mail outside of his presence. [*Id*. ¶¶ 1, 16.] Plaintiff alleges that when he complained about his legal mail being opened outside his presence, he "was told that the United States Clerk of Courts is not legal mail and that they have to state who they are and provide 'Special Mail' notice and 'Open only in the presence of the inmate'" on the mail. [*Id*. ¶ 17.] Plaintiff further alleges that even when the Clerk of Court wrote "Special Mail Open only in presence of inmate" on certain mail he received, "Defendants still opened Plaintiff's legal mail." [*Id*. ¶ 21 (internal quotation marks omitted).] As a result of his legal mail being labeled as "general mail" rather than "special mail," Plaintiff alleges that he missed a deadline because he received the filing 14 days after the response deadline. [*Id*. ¶ 22.] Plaintiff alleges that as of August 16, 2023, approximately two weeks before he filed this suit, Defendants had opened over 120 pieces of Plaintiff's legal mail outside of his presence. [*Id*. ¶ 25.]

2

Prior to this case being served, Plaintiff amended his Complaint several times. [*See* Docs. 13; 16; 17; 20; 25; 27.]  These amendments included additional exhibits to support his original allegations as well as a supplemental pleading adding allegations that Defendants Priester, Randolph, and Janson violated his rights when they failed to forward his request for furlough to attend his mother's funeral.  [Docs. 1-2; 1-3.]

Liberally construed, Plaintiff's allegations appear to include claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971), for violations of his rights under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments, and under the Federal Tort Claims Act ("FTCA") for negligent retention/supervision, emotional distress, gross negligence, intentional infliction of emotional distress, and deliberate indifference/supervision.  [Docs. 1 ¶¶ 26–47; 1-3 ¶¶ 21–45.]  Plaintiff seeks compensatory and punitive damages, declaratory judgment, and injunctive relief.  [Docs. 1 at 6–7, ¶¶ 1, 48–51; 1-3 at 10.]

Following service, Defendants filed a motion to dismiss on March 18, 2024 [Doc. 68], and on April 22 and May 6, 2024, Plaintiff filed a response and Defendants filed a reply [Docs. 72; 76].  Shortly thereafter and over the course of several months, Plaintiff filed eight motions, each seeking to amend his pleadings in various ways (collectively, the "Amendment Motions").[2]  [Docs. 78; 80; 86; 87; 88; 95; 96; 97.]  Defendants filed

---

[2] Plaintiff's first motion, his "motion to provide the Clerk of Court's policy on sending inmates legal mail from the district court" [Doc. 78], does not directly request that the Court allow Plaintiff to amend his pleadings.  Plaintiff's motion to supplement pleadings and for judgment on the pleadings [Doc. 88] and motion to grant relief on Complaint [Doc. 96] also do not solely request to amend the Complaint.  However, for ease of reference, the Court will refer to Plaintiff's eight motions collectively.

responses to some of Plaintiff's motions, and Plaintiff filed replies. [Docs. 89; 90; 92; 93; 94; 98; 99].

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## DISCUSSION

**The Report's Conclusions**

The Magistrate Judge recommends denying the Amendment Motions and granting Defendants' motion to dismiss. [Doc. 101.]

### *The Amendment Motions*

The Magistrate Judge began her analysis by addressing Plaintiff's filings related to further amendment of his Complaint, because if Plaintiff were permitted to amend his Complaint, Defendants' motion to dismiss could be moot. [*Id*. at 8.] As an initial matter, regarding Plaintiff's motion to provide the Clerk of Court's policy on sending inmates legal

mail from the district court [Doc. 78], the Magistrate Judge concluded that the failure of the Bureau of Prisons ("BOP") to follow its own rules does not amount to a due process violation and declined to direct the Clerk of Court to follow a delineated set of mailing instructions in this case, noting that all filings sent by the Clerk of Court of the United States District Court for the District of South Carolina are publicly available documents and courts generally cannot interfere with administrative matters within a prison. [Doc. 101 at 8–10.]  The Magistrate Judge also noted that Plaintiff "does not otherwise allege he is not receiving his mail or that he is not able to meet deadlines because the BOP is not providing him mail from the courts."  [*Id*. at 9.]

Regarding Plaintiff's motions to expand exhibits and submit more exhibits for relief [Docs. 95; 97], the Magistrate Judge concluded that the additional exhibits provided by Plaintiff in his motion to expand exhibits are duplicative of what Plaintiff had already provided to the Court and, moreover, are from events that occurred *after* Plaintiff filed his Complaint [Doc. 101 at 10–11].  The Magistrate Judge similarly concluded that Plaintiff's motion to submit more exhibits for relief, which includes informal resolution forms as proposed exhibits, is duplicative of the arguments raised in the Complaint and the proposed exhibits are not directly related to the events discussed in the Complaint.  [*Id*. at 11.]

The Magistrate Judge further recommends that Plaintiff's remaining motions— motions to amend/correct the Complaint, supplement defendants, supplement pleadings, and grant relief on the Complaint [Docs. 80; 86; 87; 88; 96]—be denied as futile. [Doc. 101 at 11–17.]  As an initial matter, the Magistrate Judge noted that, at this stage, the Court is tasked with deciding whether the pleadings—viewed in a light most favorable

to Plaintiff—state a claim for relief, not whether the pleadings raise a genuine issue of material fact. [*Id*. at 12.] Accordingly, Plaintiff's proposed allegations and exhibits that allegedly bolster the reliability of his original allegations, including a declaration of another inmate [Doc. 80-1], are not pertinent to the Court's determination of whether the pleadings plausibly state a claim for relief. [Doc. 101 at 12.] The Magistrate Judge further noted that Plaintiff's delay in seeking to amend his Complaint (beginning approximately three months after Defendants filed their motion to dismiss)[3] is arguably prejudicial to Defendants because it will require them to utilize additional resources to respond to the proposed amended pleadings when they have already "continued to expend efforts to argue their reasons to dismiss the Complaint." [*Id*. at 13–14.]

As to the substance of Plaintiff's Amendment Motions, the Magistrate Judge agreed with Defendants that Plaintiff's proposed amendments (including adding a Fourth Amendment claim, a new FTCA claim, and three additional parties) would be subject to the same analysis as argued in Defendants' motion to dismiss and would therefore be futile. [*Id*. at 14–15.] Additionally, the Magistrate Judge recommends that Plaintiff's motion to supplement John Doe with "Mr. Leven" [Doc. 86] and his later motion to correct the name of Mr. Leven to "Mr. Mobly" [Doc. 87] be denied because "Plaintiff cannot seek to supplement the name of an individual who was not involved in the allegations contained within Plaintiff's Complaint." [Doc.101 at 15–16.] Finally, the Magistrate Judge concluded that Plaintiff's "motion to supplement pleadings pursuant to Fed. R. [Civ.] P. 15(d) and

---

[3] Plaintiff's efforts to amend his Complaint include what the Magistrate Judge described as "piecemeal [attempts to] amend his pleadings by supplementing Defendants, swapping the names of supplemental Defendants, and adding additional exhibits." [*Id*. at 13 (citing Docs. 86; 87; 88; 95; 97).]

motion for judgment on the pleadings" [Doc. 88] be denied as duplicative and futile to the extent he seeks to further supplement his pleadings and be denied as premature to the extent he seeks judgment on the pleadings, as Defendants have not yet filed an answer. [Doc. 101 at 16–17.]

### *Defendants' Motion to Dismiss*

The Magistrate Judge recommends granting Defendants' motion to dismiss because Plaintiff's claims against the individual Defendants under *Bivens* are barred as a matter of law and because Plaintiff's constitutional tort claims under the FTCA fail even if properly brought against the United States as a defendant. [*Id*. at 17–35.] The Magistrate Judge further concluded that the individual Defendants are entitled to qualified immunity and that Plaintiff cannot state a claim for injunctive relief. [*Id*. at 35–37.]

As an initial matter, the Magistrate Judge noted that Plaintiff's constitutional claims against Defendant Janson fail because vicarious liability is inapplicable in a *Bivens* action, and Plaintiff's claims against Janson are brought against him only in his supervisory role as warden. [*Id*. at 19.] As to Plaintiff's *Bivens* claims against the remaining individual Defendants, the Magistrate Judge concluded that both of Plaintiff's constitutional claims—opening his legal mail outside his presence in violation of the First Amendment and denying his furlough request in violation of the Due Process Clause and the Fifth Amendment—fail under the two-step *Bivens* inquiry because they (1) arise in a new context and (2) special factors exist to suggest that the judiciary is less equipped than Congress in considering whether this type of damages action should proceed. [*Id*. at 19–28.]

The Magistrate Judge also concluded that Plaintiff's FTCA claims are subject to dismissal for several reasons. [*Id*. at 28–35.] First, the Magistrate Judge agreed with Defendants that the only proper defendant for claims under the FTCA is the United States, and that Plaintiff's claims brought against individual federal employees under the FTCA should therefore be dismissed. [*Id*. at 29.] Even assuming the United States were substituted as a proper Defendant, the Magistrate Judge concluded that Plaintiff's FTCA claims are not properly alleged even as against the United States because no common law tort claim exists regarding opening mail from the courts or denying a furlough request and Plaintiff has failed to allege any physical injury related to his FTCA claims.[4] [*Id*. at 30–32.] Additionally, the Magistrate Judge concluded that Plaintiff failed to exhaust his administrative remedies regarding his negligence claims (including his proposed additional claim for negligent violation of prison regulations), such that those claims are subject to dismissal under 28 U.S.C. § 3675(a). [*Id*. at 32–35.]

Finally, the Magistrate Judge concluded that because the evidence does not support a finding that there was a violation of Plaintiff's constitutional rights, the individual Defendants are entitled to qualified immunity. [*Id*. at 35–36.] And, to the extent Plaintiff seeks injunctive relief, the Magistrate Judge recommends denying such request because

---

[4] The Magistrate Judge also agreed with Defendants that even if Plaintiff were to properly name the United States as a Defendant, Plaintiff's *Bivens* claims would fail under the FTCA because *Bivens* claims may be brought only against federal officers individually, not against the federal government. [*Id*. at 29–30.] In his objections, Plaintiff clarified that he does not seek to bring any *Bivens* claims under the FTCA. [Doc. 112 at 13 ("[T]he [Magistrate Judge] misconstrued [Plaintiff's] negligent and failure to train, []deliberate indifference, gross negligenc[e] with his constitutional violation under [*Bivens*.]"), 23.]

8

Plaintiff has not satisfied the factors set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008).[5]  [Doc. 101 at 36–37.]

**Plaintiff's Objections to the Report**

In his objections, Plaintiff argues that the Court should not accept the Report and should instead grant Plaintiff's motions and deny Defendants' motion to dismiss. [Doc. 112.]  The Court will discuss Plaintiff's objections to the Report seriatim.

**Analysis**

***The Amendment Motions***

Plaintiff's objections to the Report's recommendations on the Amendment Motions, liberally construed, generally fail to address the Magistrate Judge's legal analysis or conclusions.  However, out of an abundance of caution, the Court has identified a few specific objections that it will address.  First, Plaintiff argues that the Magistrate Judge is incorrect in stating that Plaintiff has not alleged that he has not received his legal mail and/or is unable to meet deadlines as a result of Defendants' actions.  [Doc. 112 at 2, 11; *see* Doc. 101 at 9.]  The Court agrees with Plaintiff that his Complaint does include allegations that Defendants' conduct has caused him to miss court-ordered deadlines [*see* Doc. 1 ¶¶ 45–47]; however, this does not affect the Magistrate Judge's recommendation that the Court should decline to direct the Clerk of Court to follow a

---

[5] Plaintiff does not appear to object to the Magistrate Judge's conclusions that the individual Defendants are entitled to qualified immunity and that he is not entitled to injunctive relief.  [*See generally* Doc. 112.]  Having reviewed the Report, the record in this case, and the applicable law, the Court finds no clear error on the condition of the Court's acceptance of the Report's underlying recommendation that Defendants have not violated Plaintiff's constitutional rights.  Thus, the Court accepts the Report with respect to the recommendations that the individual Defendants are entitled to qualified immunity and Plaintiff is not entitled to injunctive relief and incorporates those portions of the Report by reference.

delineated set of mailing instructions because the failure of the BOP to follow its own technical rules does not independently violate due process, courts generally cannot interfere with administrative matters within a prison, and all filings sent by the Clerk of Court are publicly available documents [*see* Doc. 101 at 9–10].   As such, Plaintiff's objections to the Magistrate Judge's recommendation on his motion to provide the Clerk of Court's policy on sending inmates legal mail from the district court [Doc. 78] are overruled.

Plaintiff also argues that Rules 15(c) and 15(d) of the Federal Rules of Civil Procedure allow him to submit additional exhibits, amend his Complaint, and supplement Defendants.[6]  [Doc. 112 at 3, 6.]  Although Rule 15(d) allows a court to "permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented," Fed. R. Civ. P. 15(d), Plaintiff has failed to show that his proposed amendments and additional exhibits would not also be subject to dismissal for the same reasons discussed by the Magistrate Judge in analyzing Defendants' motion to dismiss.  Indeed, as the Magistrate Judge noted and Plaintiff does not appear to dispute, Plaintiff's proposed exhibits and amendments are largely duplicative of the claims already raised in his original Complaint and supplement. [Doc. 101 at 10–17.]  For these reasons, Plaintiff's objections to the Magistrate Judge's conclusions regarding his Amendment Motions are overruled.

---

[6] Rule 15(c) of the Federal Rules of Civil Procedure is inapplicable here, as it generally applies only with reference to the statute of limitations.  *See, e.g.*, *Williams v. Strickland*, No. 9:15-cv-1118-PMD-MGB, 2018 WL 1139087, at *6 (D.S.C. Mar. 2, 2018) ("Rule 15(c)(1) of the Federal Rules of Civil Procedure dictates when a pleading relates back to the date of the original pleading for statute of limitations purposes.").

***Defendants' Motion to Dismiss***

<u>Plaintiff's *Bivens* Claims</u>

The Court next turns to the issue of Plaintiff's *Bivens* claims. Plaintiff argues that his constitutional claims do not arise in a "new context" under *Bivens* because they are not substantially different from the *Bivens* cases cited by the Magistrate Judge. [Doc. 112 at 8–17, 19–22.] However, despite the substantial number of cases Plaintiff cites in his objections, none sufficiently challenge the Magistrate Judge's conclusions.[7] *See, e.g.*, *Rowland v. Pistro*, No. 21-CV-4466, 2021 WL 5631692 (E.D. Pa. Nov. 29, 2021) (dismissing the plaintiff's *Bivens* claims for failure to state a claim); *Turner v. Safley*, 482 U.S. 78 (1987) (does not involve a *Bivens* claim); *Bieregu v. Reno*, 59 F.3d 1445 (3d Cir. 1995) (overruled); *Paton v. La Prade*, 524 F.2d 862 (3d Cir. 1975) (abrogated). Nevertheless, out of an abundance of caution, the Court will review the Magistrate Judge's *Bivens* analysis de novo.

In *Bivens*, the Court authorized damages for individuals injured by federal officers who violated the Fourth Amendment's prohibition against unreasonable searches and

---

[7] Although Plaintiff cites to several cases holding that First Amendment claims may be cognizable under *Bivens*, the majority of these cases involve either retaliatory or false arrest claims. *See, e.g.*, *Dellums v. Powell*, 566 F.2d 167 (D.C. Cir. 1977) (affirming jury verdict for the plaintiff in a false arrest case); *Navab-Safavi v. Broad. Bd. of Governors*, 650 F. Supp. 2d 40 (D.D.C. 2009) (holding that contractor's claim for damages based on termination in violation of First Amendment was cognizable under *Bivens*); *Hartman v. Moore*, 547 U.S. 250 (2006) (holding that probable cause must be proven in *Bivens* action against criminal investigators for inducing prosecution in retaliation for speech); *Patterson v. United States*, 999 F. Supp. 2d 300 (D.D.C. 2013) (holding that First Amendment retaliatory arrest claims are cognizable under *Bivens*). And the Supreme Court has now held that "there is no *Bivens* action for First Amendment retaliation." *Egbert v. Boule*, 596 U.S. 482, 499 (2022). Additionally, Plaintiff cites to several cases brought only under § 1983. *See, e.g.*, *Al-Amin v. Smith*, 511 F.3d 1317 (11th Cir. 2008); *Jones v. Brown*, 461 F.3d 353 (3d Cir. 2006); *Davis v. Goord*, 320 F.3d 346 (2d Cir. 2003).

seizures. 403 U.S. at 389. Since *Bivens*, the Court has recognized implied causes of action for damages caused by federal officials in two additional situations. In *Davis v. Passman*, the Court authorized damages for a federal employee for gender discrimination in violation of the Fifth Amendment's Due Process Clause. 442 U.S. 228 (1979). And, in *Carlson v. Green*, the Court authorized damages for the violation of a prisoner's Eighth Amendment right to adequate medical care. 446 U.S. 14 (1980). "These three cases—*Bivens*, *Davis*, and *Carlson*—represent the only instances in which the Court has approved of an implied damages remedy under the Constitution itself." *Ziglar v. Abbasi*, 582 U.S. 120, 131 (2017). The *Ziglar* Court clarified that any expansion of *Bivens* outside of these three cases "is now a disfavored judicial activity." *Id*. at 135 (internal quotation marks omitted).

Thus, the *Ziglar* Court set forth a rigorous test for determining whether a cognizable *Bivens* remedy exists with respect to an alleged constitutional violation by a federal actor. First, a court must determine whether the plaintiff seeks to extend *Bivens* to a new context. *Id*. at 139. If the claim presents a new *Bivens* context, the court must evaluate whether any "special factors counsel[] hesitation" in recognizing a new remedy "in the absence of affirmative action by Congress." *Id.* at 136 (internal quotation marks omitted).

First, to determine whether Plaintiff seeks to extend *Bivens* to a new context, the Court must evaluate whether "the case is different in a meaningful way from previous *Bivens* cases decided by" the Supreme Court. *Id.* at 139. Examples of types of differences that could be meaningful in this context include:

> the rank of the officers involved; the constitutional right at issue; the generality or specificity of the official action; the extent of judicial guidance as to how an officer should respond to the problem or emergency to be confronted; the statutory

> or other legal mandate under which the officer was operating; the risk of disruptive intrusion by the Judiciary into the function of other branches; or the presence of potential special factors that previous *Bivens* cases did not consider.

*Id*. at 140.  With these principles in mind, the Court agrees with the Magistrate Judge that Congress and the courts have not expanded the *Bivens* remedy to include claims for denial of access to the courts under the First Amendment.  As the Supreme Court has recognized, it has "never held that *Bivens* extends to First Amendment claims."  *Reichle v. Howards*, 566 U.S. 658, 663 n.4 (2012); *see Egbert v. Boule*, 596 U.S. 482, 498 (2022). The Fourth Circuit and this Court, considering the issue after *Ziglar*, have also held that First Amendment claims present a new *Bivens* context.  *See Dyer v. Smith,* 56 F.4th 271, 275 (4th Cir. 2022); *Earle v. Shreves*, 990 F.3d 774, 779 (4th Cir. 2021); *Doe v. Meron*, 929 F.3d 153, 169 (4th Cir. 2019); *Powers v. United States*, No. 2:18-2227-HMH-MGB, 2019 WL 2223385, at *1–2 (D.S.C. May 23, 2019); *Kirtman v. Helbig*, No. 4:16-cv-2839-AMQ, 2018 WL 3611344, at *3–4 (D.S.C. July 27, 2018).

Moreover, there has been no extension or availability/recognition of a *Bivens* claim in the context of mail being opened outside of a prisoner's presence or the denial of a furlough request.  To the extent Plaintiff alleges his Fifth, Sixth, Eighth, and Fourteenth Amendment rights have been violated, the Supreme Court has never recognized a First-Amendment-based *Bivens* remedy in any context.  *Earle*, 990 F.3d at 779.  "Nor has the Supreme Court recognized an implied cause of action under *Bivens* for alleged violations of the Sixth Amendment."  *Glover v. Brewer*, No. 9:19-cv-1770-MBS-BM, 2020 WL 1033585, at *2 (D.S.C. Feb. 3, 2020), *Report and Recommendation adopted by* 2020 WL 1027331 (D.S.C. Mar. 2, 2020).  Plaintiff's allegations that his claims arise under the Fifth, Eighth, and Fourteenth Amendments are inapposite of the claims at issue in *Davis* and

*Carlson* and do not sound under the equal protection or deliberate indifference aspects of those cases. *See Ziglar*, 582 U.S. at 140; *Annappareddy v. Pascale*, 996 F.3d 120, 134 (4th Cir. 2021); *Bulgar v. Hurwitz*, 62 F.4th 127, 138 (4th Cir. 2023).

Second, the critical question in the special factors inquiry is, "Who should decide whether to provide for a damages remedy, Congress or the courts?" *Ziglar*, 582 U.S. at 135 (internal quotation marks omitted). Most often, the answer is Congress because "[w]hen an issue involves a host of considerations that must be weighed and appraised, it should be committed to those who write the laws rather than those who interpret them." *Id.* (internal quotation marks omitted). Thus, "the inquiry must concentrate on whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed." *Id.* at 136. In assessing possible special factors, the *Ziglar* Court emphasized that "legislative action suggesting that Congress did not want a damages remedy is itself a factor counseling hesitation." *Id.* at 148. "Other factors include whether an alternative remedial structure is available; the potential cost to the Government of recognizing a private cause of action, both financially and administratively; whether a claim addresses individual conduct or a broader policy question; whether litigation would intrude on the function of other branches of government; and whether national security is at stake." *Powers v. Mosley*, No. 2:18-cv-02227-HMH-MGB, 2019 WL 2619908, at *8 (D.S.C. Apr. 2, 2019), *Report and Recommendation adopted by* 2019 WL 2223385 (D.S.C. May 23, 2019). The *Ziglar* Court also noted that the factors causing a court to pause before acting are "difficult to predict in advance." *Ziglar*, 582 U.S. at 137.

Here, the Court also agrees with the Magistrate Judge that special factors counsel hesitation in extending *Bivens* liability in this context. As the Magistrate Judge explained, the increased burden this type of claim would place on BOP operations and the BOP's administrative grievance program counsel against recognition of a *Bivens* claim here. [Doc. 101 at 27.] Indeed, exhaustion provisions in the Prison Litigation Reform Act reflect "Congress's efforts to address and remedy matters of prisoner abuse through the exhaustion provisions." *Kirtman*, 2018 WL 3611344, at *5; *see Earle*, 990 F.3d at 780. "Significantly, the fact that Congress has addressed the general area at issue with Plaintiff's claim and not elected to enact a remedy is revealing." *Kirtman*, 2018 WL 3611344, at *5. In these circumstances, the Court determines "there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy as part of the system for enforcing the law and correcting a wrong." *Ziglar*, 582 U.S. at 137. Accordingly, the Court concludes that no *Bivens* remedy is available for the types of constitutional claims Plaintiff alleges and, thus, Defendants' motion to dismiss should be granted as to Plaintiff's damages claims.[8]

Plaintiff's FTCA Claims

Finally, as to his FTCA claims, Plaintiff argues in his objections that his FTCA claims against Defendants relating to opening his legal mail and failing to forward his furlough request are proper tort claims; he has alleged an actual injury from Defendants'

---

[8] Plaintiff also objects to the Magistrate Judge's conclusion that Defendant Janson cannot be sued in his supervisory capacity under *Bivens*, arguing that his claims against Janson are based on Janson's personal involvement rather than on supervisory liability. [Doc. 112 at 7–8.] However, even assuming Plaintiff does allege personal involvement by Janson in the complained-of opening of his mail [*see* Doc. 1 ¶ 44], Plaintiff's claims against Janson fail for the same reasons as his other *Bivens* claims.

alleged failure to forward his furlough request; and he properly exhausted his negligence claims in a Standard Form 95.  [Doc. 112 at 23–25.]

The FTCA provides federal district courts jurisdiction "to hear civil actions against the United States for money damages for injuries caused by the negligent or wrongful acts or omissions of government employees while acting within the scope of their employment."  *Perkins v. United States*, 55 F.3d 910, 913 (4th Cir. 1995).  A party asserting a tort claim against the United States, however, must strictly comply with the requirements of the FTCA.  *See* 28 U.S.C. § 2675; *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979).

Importantly, a cause of action asserted under the FTCA must be exclusively brought against the United States Government.  28 U.S.C. § 2679(b) ("The remedy against the United States provided by [FTCA] . . . is exclusive"); *see also McGuire v. Turnbo*, 137 F.3d 321, 324 (5th Cir. 1998) ("To sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant.").  Thus, a suit under the FTCA lies only against the United States.  *Sheridan v. Reidell*, 465 F. Supp. 2d 528, 531 (D.S.C. 2006); *Truesdale v. Ashcroft*, No. 4:05-cv-0078-DCN-BHH, 2006 WL 4071948, at *5 (D.S.C. Mar. 29, 2006), *aff'd*, 203 F. App'x 533 (4th Cir. 2006) ("The Federal Tort Claims Act immunizes a federal employee from liability for his negligent or wrongful acts or omissions while acting in the scope of his office or employment." (cleaned up)).

Here, as the Magistrate Judge noted, Plaintiff did not name the United States as a defendant.  However, even assuming Plaintiff were to seek leave to amend his Complaint

to add the United States as a defendant,[9] the Court concludes that his FTCA claims would be futile for the reasons discussed by the Magistrate Judge.

First, the Magistrate Judge correctly stated that the United States may be "held liable in tort only to the extent that a private party defendant would be liable under state law." *Pledger v. Lynch*, 5 F.4th 511, 522 (4th Cir. 2021). Plaintiff has not argued—either in his response to Defendants' motion to dismiss or in his objections to the Report—that a parallel common law tort claim exists regarding opening legal mail from the courts or failing to forward a furlough request. Instead, Plaintiff generally argues that "Defendants have a duty of care to [protect] Plaintiff[']s constitutional right[s]" and that the Court should "[a]pply the three crucial elements of every tort action" to Plaintiff's claims. [Doc. 112 at 24.] To the extent Plaintiff seeks to bring claims under the FTCA for these alleged constitutional violations, the Court agrees with the Magistrate Judge that these claims are subject to dismissal and overrules Plaintiff's objections.

Second, the FTCA provides that "[n]o person convicted of a felony who is incarcerated . . . may bring a civil action against the United States . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18)." 28 U.S.C. § 1346(b)(2). Here, as the Magistrate Judge noted, Plaintiff has failed to establish a

---

[9] Plaintiff has not moved to add the United States as a defendant in any of the Amendment Motions, but in his objections to the Report he states that "[t]he [Magistrate Judge] is wrong in not substituting the United States as [a] defendant[] . . . under the FTCA." [Doc. 112 at 23.] He appears to argue that because Defendant Edgefield Federal Correctional Institution is within the United States Department of Justice, it is a proper defendant under the FTCA. As discussed above, Plaintiff is incorrect. *See Sheridan*, 465 F. Supp. 2d at 531.

physical injury resulting from Defendants' alleged actions.  In his objections, Plaintiff argues that "an inmate does not have to show actual injury" and that "[t]he actual injury from not forwarding his furlough request resulted in high anxiety, extrem[e] headaches, const[a]nt nightmares, loss of sleep," and an increase in his blood pressure medication. [Doc. 112 at 25.]  However, even if Plaintiff had actually alleged all these injuries [*compare id. with* Doc. 1-3 ¶¶ 23, 29, 34], allegations of headaches and loss of sleep are generally insufficient to satisfy the FTCA's "physical injury" requirement.  *See Maxten v. United States*, No. 5:17cv50, 2018 WL 3148238, at *2 (N.D. W. Va. Feb. 26, 2018) (noting that "courts have consistently rejected claims of anxiety and stress, as well as the physical manifestations associated with emotional distress, such as loss of appetite, headaches and sleeplessness to establish a physical injury" under the FTCA) (collecting cases), *Report and Recommendation adopted by* 2018 WL 2298374 (N.D. W. Va. May 21, 2018).

Finally, the FTCA requires a claimant to file an administrative claim with the appropriate federal agency using the Standard Form 95 before commencing a civil action in a district court.  *See* 28 C.F.R. § 14.2; *see also* 28 U.S.C. § 2401(b) (providing that a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues").  When the United States has denied an administrative claim filed under the FTCA, a claimant has "six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented" within which to bring suit in federal court.  28 U.S.C. § 2401(b).  The FTCA is a limited waiver of sovereign immunity, and therefore courts must strictly interpret and apply it.  *United States v. Sherwood*, 312 U.S. 584, 590 (1941); *Gould v. U.S. Dep't of Health & Hum. Servs.*, 905 F.2d 738, 741 (4th Cir. 1990).   "[T]he

requirement of filing an administrative claim is jurisdictional," *Henderson v. United States*, 788 F.2d 121, 123 (4th Cir. 1986); *see Van Emburgh ex re. Est. of Van Emburgh v. United States*, 95 F.4th 795, 800–01 (4th Cir. 2024), and thus when it is not satisfied, the Court should dismiss the action, *see McNeill v. United States*, 508 U.S. 106, 113 (1993). Here, although Plaintiff states in his objections that he "sent [his failure to train, negligence, deliberate indifference, gross negligence, and negligent retention] claims in his second [S]tandard [F]orm 95" and that "somehow Defendants alleged that it[']s not in the[ir] records" [Doc. 112 at 25], he has provided no evidence to support that he properly exhausted these claims. Thus, the Court agrees with the Magistrate Judge that Plaintiff has not exhausted his negligence claims under the FTCA and overrules Plaintiff's objections.

## CONCLUSION

Based upon the foregoing, the Court accepts the Report and Recommendation of the Magistrate Judge as modified and incorporates it by reference. Defendants' motion to dismiss [Doc. 68] is GRANTED, Plaintiff's motions [Docs. 78; 80; 86; 87; 88; 95; 96; 97] are DENIED, and this action is DISMISSED with prejudice.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

March 27, 2025
Columbia, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.